JAMES CURTIN,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )          1:25CV782
                                 )
CHUCK WATTS, et al.,             )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

In this case, Plaintiff James Curtin, who proceeds pro se, asserts claims against Defendants Chuck Watts ("Watts"), his law firm, Watts Law PLC ("Watts Law")[1], Cyberlux Corporation ("Cyberlux"), and HII Mission Technologies Corporation ("HII"), alleging various acts of misconduct relating to federal defense contracts, as well as a conspiracy to retaliate against Curtin for exposing the alleged misconduct on his blog. Before the court are motions by Defendants HII (Doc. 20), Watts (Doc. 32), and Cyberlux (Doc. 44) to dismiss the claims against them in the amended complaint (Doc. 7)(the "complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). All three motions are fully briefed and ready for decision. (Docs. 21, 29, 34; Docs. 32, 35, 40; Docs. 45, 48, 51.) For the reasons set forth below, the

---

[1] The complaint does not allege any conduct by Watts Law separate from Watts. Therefore, the court will construe Watts's pro se motion to dismiss (Doc. 32) as a motion on behalf of both Watts and Watts Law.

motions will be granted and the complaint dismissed.

## I.  BACKGROUND

The well-pleaded allegations in the complaint, viewed in the light most favorable to Curtin as the non-moving party, show the following:

Curtin is the owner and principal of Carotank Road Holdings Inc, a Virginia corporation engaged in consulting and technology development, as well as an author publishing under the pen name "Jackson Holt."  (Doc. 7 at 6.)  In 2023, executives of Defendant Cyberlux approached Curtin "for joint ventures and technical partnerships involving one of [Curtin's] clients."  (Id. at 10.)  While conducting diligence on Cyberlux for his client, Curtin uncovered "legal, regulatory, and financial red flags including judgments, liens, lawsuits, and questionable public representations."  (Id.)  Curtin communicated his findings to his client as well as Cyberlux executive Bill Maadarani and Cyberlux principal Denis Kalenja.[2]  (Id.)  In November 2024, Curtin began publishing a series of articles under his "Jackson Holt" alias, accusing Cyberlux of "compliance irregularities" and  misuse of foreign military financing ("FMF") funds.  (Id. at 8.)

Curtin alleges that he "observed an individual photographing him" On May 10, 2025, around the same time that he received a

---

[2] Neither Kalenja nor Maadarani is named as a Defendant in the present action.

2

message from Maadarani.  (Id. at 11.)  On May 27, 2025, an anonymous X (formerly Twitter) account published tweets "doxxing and harassing [Curtin] and his family" as well as "referencing investigators", once again around the same time that he received a message from Maadarani.  (Id.)  In June 2025, Maadarani contacted one of Curtin's clients.  (Id.)  Curtin alleges without elaboration that in May 2025 and June 2025, "[m]ultiple partners withdrew from negotiations or cancelled deals [presumably with Curtin's company] tied to the harassment campaign [against him]." (Id.)

Based on the foregoing, Curtin asserts claims against Defendants Cyberlux, Watts, and Watts Law for "tortious interference with business expectancy" (Count 1) and civil conspiracy (Count 2), claims against all Defendants for "breach of fiduciary duty/misuse of public office" (Count 3), and claims against HII and Cyberlux for negligent supervision (Count 4).

## II.  ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. (8)(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).  A claim is plausible "when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

"[D]etermining whether a complaint states a plausible claim for relief is a 'context-specific task.' " Langford v. Joyner, 62 F.4th 122, 126 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 679). There is no categorical rule that a complaint cannot make allegations collectively against multiple defendants. Id. However, if a plaintiff employs a "global manner of pleading," he must still allege "sufficient facts to allow the court to infer liability as to each defendant." Id. (internal citations omitted).

Defendants have identified myriad problems with Curtin's lawsuit. Relevant to the motions to dismiss, Curtin's complaint fails to state a claim because the federal statutory violations he alleges do not give rise to a private right of action, he has not alleged any legally cognizable duty that the Defendants breached,

4

and his claims are not otherwise cognizable under Virginia law.

### A. No Federal Private Right of Action

HII, Cyberlux, and Watts all argue that Curtin's claims rest on federal statutes that do not create a private right of action.[3] (Doc. 21 at 8-9; Doc. 45 at 11-15; Doc. 32 at 2-3.) In Count 1, Curtin alleges that Defendants Watts and Cyberlux violated 18 U.S.C. §§ 2261A, 875(c) and 1030 in a way that interfered with his "business expectancy." (Doc. 7 at 15.) In Count 2, he alleges that Watts and Cyberlux conspired to commit violations of 18 U.S.C. §§ 1343, 2261A, 875(c), and 1512. (Id. at 17.) In Count 3, he alleges that all Defendants breached "fiduciary duties" in ways that implicate 41 U.S.C. § 4712 and 18 U.S.C. §§ 1001 and 1343 as well as unspecified "provisions of the [Federal Acquisition Regulations ("FAR")], [Defense Federal Acquisition Regulations Supplement ("DFARS")], and [International Traffic in Arms Regulations ("ITAR")] governing the allowability of costs, ethical conduct, and contractor responsibility." (Id. at 22.). In Count 4, he likewise alleges that HII and Cyberlux were negligent in their supervision of Watts in ways that implicate 41 U.S.C. § 4712, 18 U.S.C. §§ 1343 and 1512, and "applicable FAR, DFARS, and ITAR provisions." (Id. at 24.)

---

[3] HII and Cyberlux also argue that this deficiency deprives the court of subject matter jurisdiction as to Counts 3 and 4. (See Doc. 45 at 13-15.) However, a statute may support federal question jurisdiction without creating a private right of action. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 317 (2005).

As Cyberlux notes, none of these federal statutes or regulations provides a right of action for plaintiffs in Curtin's position. (Doc. 45 at 11.) As for Defendants' alleged violations of FAR, DFARS, and ITAR, these cannot provide a private right of action unsupported by statute. See Alexander v. Sandoval, 532 U.S. 275, 291 (2001)("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Curtin's complaint does not identify which specific regulatory provisions Defendants allegedly violated, much less any underlying statutes that would authorize him to bring a private suit. As for the alleged violations of 18 U.S.C. §§ 2261A, 875(c), 1343, and 1001, these are all criminal statues whose enforcement "has been entrusted exclusively to the federal government." State of Ga. v. Pennsylvania R. Co., 324 U.S. 439, 447 (1945).

Only two of the federal statutes cited by Curtin contain any private right of action. First, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"), creates a limited civil cause of action, but the plaintiff must plead a qualifying loss "by reason of a violation of this section." See 18 U.S.C. § 1030(g). But as Cyberlux notes, Curtin has not alleged any particular violation of § 1030. (Doc. 45 at 12.) Second, 41 U.S.C. § 4172 provides a cause of action for employees of government contractors, subcontractors, grantees, subgrantees, or personal service contractors who have

6

suffered retaliation for protected disclosures and exhausted administrative remedies. See 41 U.S.C. § 4172(a) and (c)(2). Curtin represents in his brief that he filed whistleblower disclosures with the General Services Administration and Department of Defense in 2024, and that 210 days have elapsed without a determination, which he contends "satisf[ies] the exhaustion requirement under 41 U.S.C. § 4712." (Doc. 48 at 11.) But as Cyberlux points out, Curtin does not allege that he is or ever was an employee of any Defendant, and thus the anti-retaliation protections of § 4712 simply do not apply to him. (Doc. 45 at 14.)

In sum, Defendants are correct that none of the federal statutes or regulations in the complaint provides Curtin with a private right of action for his claims. Thus, Defendants' motion to dismiss these claims will be granted.

### B. Failure to State a Claim under Virginia Law

The court next considers whether Curtin has stated a claim under applicable state law. "A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules." Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013). The Supreme Court of North Carolina's "jurisprudence favors the use of the lex loci test in cases involving tort or tort-like claims." SciGrip, Inc. v. Osae, 838 S.E.2d 334, 343 (N.C. 2020). Pursuant to the lex loci test,

7

the court should apply the substantive law of the state "where the injury or harm was sustained or suffered." Id. (quoting Harco Nat'l Ins. Co. v. Grant Thornton LLP, 698 S.E.2d 719, 724 (N.C. Ct. App. 2010)). HII and Cyberlux both contend, and Curtin does not dispute, that Curtin suffered his alleged injuries in Virginia, where his company is located. (Doc. 21 at 12-13; Doc. 45 at 9 n.8; see Doc. 7 at 4-6.) Thus, Virginia substantive law governs his claims.

### 1. Tortious Interference (Count 1)

Watts argues that Count 1 fails to state a claim because the complaint fails to allege that he engaged in any conduct that would be actionable in Virginia under a recognized theory of tort liability. (Doc. 32 at 4-5.) Meanwhile, Cyberlux argues that Carotank Road Holdings, Inc., and not Curtin, is the true party in interest for this claim.[4] (Doc. 45 at 2.) Responding to Watts, Curtin argues that unspecified Cyberlux officers "circulated false espionage claims and disclosed [his] private information," and that this occurred "while Watts directed legal affairs," which he contends is sufficient conduct to support tort liability. (Doc. 35 at 16.) To Cyberlux, Curtin responds that he is willing to stipulate to the joinder of Carotank Road Holdings, Inc., but only

---

[4] Curtin's complaint and accompanying declaration do indeed suggest that Carotank Road Holdings, Inc., is the true party in interest for any claim pertaining to Curtin's "business." (See Doc. 7 at 6; Doc. 7-1.) The court need not reach this issue, however, because the claim suffers from more fundamental defects.

if certain Cyberlux shareholders will consent to be joined in their individual capacities because they "are the company's largest Series B shareholders, control insiders, and beneficiaries of the conduct at issue." (Doc. 48 at 2.)

In Virginia, the elements of a prima facie case of tortious interference with business expectancy are (1) the existence of a valid business expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. Dunlap v. Cottman Transmission Systems, LLC, 754 S.E.2d 313, 318, (Va. 2014). Defendants argue that Curtin's allegations fail to state a plausible claim. (Doc. 45 at 5-9; Doc. 32 at 4-5.)

Here, Defendants are correct. While a complaint need not make out a prima facie case, it must still "allege facts to satisfy the elements of a cause of action." McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015). A "formulaic recitation" of the necessary elements does not suffice to render a claim plausible. Id. (quoting Iqbal, 556 U.S. at 678–79). Here, the complaint fails to state a plausible claim of intentional interference. It alleges generally that "Defendants," acting "individually and in concert," committed the following acts of interference:

(a) Public "doxxing" of [Curtin] by releasing personal identifying information without consent;

(b) Retaliatory statements;

(c) Direct, inappropriate contact by Cyberlux officer Bill Maadarani with one of [Curtin's] clients, intended to disrupt that business relationship;

(d) False accusations and reputational attacks communicated to third parties with the intent and knowledge they would damage [Curtin's] credibility; [and]

(e) Threats, both explicit and implicit, designed to deter third parties from associating with [Curtin.]

(Doc. 7 at 14.) Because Curtin employs a "global manner of pleading," he must allege "sufficient facts to allow the court to infer liability as to each defendant." Langford, 62 F.4th at 126. The only conduct attributed to a specific Defendant is the "[d]irect, inappropriate contact" between Cyberlux officer Maadarani and one of the clients of Curtin's business (which is not a party). But the record is devoid of any facts to support the conclusory allegations that this conduct was "inappropriate" or "intended to disrupt [Curtin's] business relationship." On the contrary, the screenshot of the communication (Doc. 7-12), which Curtin attached to his complaint,[5] shows that Maadarani was merely asking if the client (with whom he was evidently already acquainted) knew why Curtin had been posting anonymous criticisms

---

[5] In evaluating a motion to dismiss, the court may consider documents attached to the complaint without converting the motion to one for summary judgment. Fed. R. Civ .P. 10(c); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

10

of Maadarani as "Jackson Holt," and noting his intention to seek legal advice regarding the posts.  (See id. at 2.)  It does not, contrary to Curtin's allegation, contain anything that could be described as a "veiled threat."  (Doc. 7 at 11.)

Because Curtin's allegations fail to set forth specific facts to support a claim of interference by any Defendant, Count 1 fails to plausibly state a claim against any specific Defendant and will be dismissed without prejudice.

### 2. Civil Conspiracy (Count 2)

Cyberlux argues that Curtin has failed to state a claim for civil conspiracy because he offers only a conclusory allegation that the Defendants conspired for purpose of "[i]njuring Plaintiff in his business, reputation, and creative work."  (Doc. 45 at 9-10; see Doc. 7 at 16.)  Curtin does not respond to this argument.

In Virginia, civil conspiracy is a statutory claim that arises when "two or more persons . . . combine, associate, agree, mutually undertake or concert together . . . for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever."  Va. Stat. Ann. §§ 18.2-499 and 18.2-500; see Simmons v. Miller, 544 S.E.2d 666, 676-77 (Va. 2001.)  "To recover in a civil conspiracy action both under the common law and under Virginia Code § 18.2-499, a plaintiff must establish that at least one member of the conspiracy, in agreement with another member, committed an act

11

that was itself wrongful or tortious, and that such act damaged the plaintiff." L-3 Commc'ns Corp. v. Serco, Inc., 926 F.3d 85, 92 (4th Cir. 2019) (citing Gelber v. Glock, 800 S.E.2d 800, 821 (Va. 2017)). For a statutory business conspiracy claim, a plaintiff must also plausibly allege legal malice, or that one of the conspiracy's purposes was to injure "Plaintiff's reputation, trade, or business." Schlegel v. Bank of America, N.A., 505 F. Supp. 2d 321, 326 (W.D. Va. 2007) (citing Simmons, 544 S.E.2d at 677).

The Federal Rules of Civil Procedure govern the requirements for pleading "in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1; see Iqbal, 556 U.S. at 684. Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). However, because a civil conspiracy claim in Virginia requires proof of some underlying unlawful conduct, a plaintiff must still adequately plead the underlying act or acts. Aimbridge Hospitality, LLC v. Provident Group – Radford Properties, LLC, No. 7:24-cv-00262, 2024 WL 3534150, at *8 (W.D. Va. July 24, 2024). Here, the complaint fails to allege sufficient facts to make plausible that any Defendant committed a wrongful or tortious act in furtherance of the conspiracy. It alleges that undifferentiated "Defendants" engaged in various acts in furtherance of the conspiracy, but the only act attributed to a

12

specific Defendant is the same communication from Count 1 between Cyberlux's Maadarani and the "client" of Curtin's business. (Doc. 7 at 16-17.) As discussed above, this communication is innocuous on its face. It is not a wrongful or tortious act that can support the civil conspiracy claim. Thus, Defendants' motion will be granted and Count 2 will be dismissed without prejudice.

### 3. Breach of Fiduciary Duty (Count 3)

HII, Watts, and Cyberlux all argue that Count 3 must be dismissed because Curtin does not allege that Defendants owed any fiduciary duty to him specifically. (Doc. 21 at 14-15; Doc. 32 at 3; Doc. 45 at 10.) In response, Curtin reiterates that Defendants had a general duty to comply with federal laws and regulations. (Doc. 29 at 8-9.)

To state a plausible breach of fiduciary duty claim under Virginia law, a plaintiff must allege facts to show (1) the existence of a fiduciary duty, (2) the breach of that duty, and (3) resulting damages. Carstensen v. Chrisland Corp., 442 S.E.2d 660, 666-67 (Va. 1994); Broadhead v. Watterson, No. 5:15-cv-00020, 2016 WL 742127, at *6 (W.D. Va. Feb. 24, 2016) (applying Virginia law). Here, the complaint alleges that Defendants breached duties owing to "the public," "the U.S. government," and "foreseeable persons impacted by non-compliance" with various federal and state laws and regulations. (Doc. 7 at 18-22.) As Cyberlux notes, none of these allegations describes a fiduciary duty owed to Curtin.

13

(Doc. 45 at 10.)  Thus, Count 3 fails to state a claim under Virginia law, and it will be dismissed.

### 4.  Negligent Supervision (Count 4)

As HII and Cyberlux both note, Virginia courts do not recognize an independent cause of action for negligent supervision.  See <u>Elrod v. Busch Entertainment Corp.</u>, Nos. 4:09cv164, 4:09cv165, 4:09cv166, 2010 WL 5620918, at *6 (E.D. Va. Dec. 14, 2010) (collecting cases), <u>report and recommendation adopted</u> 2011 WL 166636 (E.D. Va. Jan 19, 2011).  Curtin appears to concede this, as his briefs in opposition do not address the negligent supervision claim in Count 4.  It will thus be dismissed.

### C.  Rule 11(b) and Fabrication of Legal Authority

Finally, Curtin points to reprimands issued against Cyberlux in other litigation, specifically an order to pay attorneys' fees and a show-cause order for fabricating or misrepresenting legal authorities.  (Doc. 48 at 9.)  He contends that Cyberlux has engaged in a "persistent pattern of deception and obstruction" that undermines Cyberlux's argument that the complaint's "well-documented facts" are implausible.  (<u>Id.</u>)

There is a certain irony in all of this.  Curtin's brief contains fabricated quotations that directly contradict the actual holdings of the cited cases – the same misconduct he invokes to discredit Cyberlux.  Cyberlux's conduct has already been addressed

14

by those courts.[6]  Meanwhile, this court must address Curtin's conduct in the present case.

 Curtin represents that in <u>Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.</u>, 549 U.S. 422, 430 (2007), the United States Supreme Court held that "[a] court lacking jurisdiction . . . must dismiss, it cannot transfer."  (<u>See</u> Doc. 29 at 7.)  This quotation is a fabrication.  On the contrary, the court in <u>Sinochem</u> reaffirmed that a case may be transferred "whether the court in which it was filed had personal jurisdiction over the defendants or not."  549 U.S. at 430 (quoting <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962)).  Similarly, in <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 817 (1988), the Supreme Court never stated that a transferee court "should not revisit a jurisdictional ruling made by a coordinate court unless it is clearly erroneous," as Curtin represents.  (<u>See</u> Doc. 29 at 7.)  Rather, it noted that a court "has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  <u>Christianson</u>, 486 U.S. at 817 (quoting <u>Arizona v.</u>

---

[6] <u>See</u> <u>Atlantic Wave Holdings, LLC v. Cyberlux Corporation</u>,  No. 25-1689, 2025 WL 3493221 (S.D. Tex. May 14, 2025);  <u>HII Mission Technologies Corp. v. Cyberlux Corp.</u>, No. 3:25-cv-483-JAG, Doc. 118 (E.D. Va. December 15, 2025).

*California,* 460 U.S. 605, 618, n.8 (1983)).

All litigants, whether pro se or represented, are bound by the Federal Rules of Civil Procedure. See, e.g., McNeil v. United States, 508 U.S. 106, 113, (1993); Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam). Rule 11(b)(2) states that by signing a filing, an attorney or unrepresented party certifies that, to the best of his knowledge and after a reasonable inquiry, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The rule permits courts to sanction litigants for citations to non-existent case law, misrepresentations of case law, or frivolous legal arguments, regardless of the filer's pro se status. See, e.g., Ferris v. Amazon.com Services, LLC, 778 F. Supp. 3d 879, 881-82 (N.D. Miss. 2025) (ordering a pro se plaintiff to pay the defendant's costs incurred in responding to fabricated citations). "Courts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court." United States v. Hayes, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (collecting cases) (emphasis added).

It is not clear whether Curtin's complaint and briefs are the product of artificial intelligence. To be sure, this court has

16

seen an uptick in the use of artificial intelligence in complaints and briefs, especially by pro se filers. Whether or not Curtin used such tools, he is admonished that every filer, including a pro se filer, is "obligated to read the legal authority he intends to rely upon, confirm its existence and validity, and confirm that it supports his legal contentions, before citing to that authority in any submission to this Court." <u>Allen v. Western Governors University</u>, No. 2:25-cv-00325-RFB-NJK, 2026 WL 893368, at *1 (D. Nev. Mar. 31, 2026). Obviously, Curtin did not do that. Curtin is thus warned that any future filings containing fabricated legal authority may result in sanctions under Rule 11.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Defendant HII's motion to dismiss (Doc. 20) is GRANTED, Defendant Watts's motion to dismiss (Doc. 32) is GRANTED as to both Defendant Watts and co-Defendant Watts Law, and Defendant Cyberlux's motion to dismiss (Doc. 44) is GRANTED, and the complaint is dismissed: all claims founded on violation of statutes for which the court has held there is no private right of action are DISMISSED WITH PREJUDICE, Counts 3 and 4 are DISMISSED WITH PREJUDICE, and the remaining claims in Counts 1 and 2 are DISMISSED WITHOUT PREJUDICE.

Curtin is hereby WARNED that any future filings containing fabricated legal authority may result in sanctions under Rule 11.

<pre>
                                    /s/   Thomas D. Schroeder
                              United States District Judge
May 20, 2026
</pre>

Case 1:25-cv-00782-TDS-JGM    Document 66    Filed 05/20/26    Page 18 of 18